140    SUPREME COURT OF WISCONSIN,

The Wisconsin Central Railroad Co. and others vs. Smith, imp.

THE WISCONSIN CENTRAL RAILROAD COMPANY and others vs. SMITH, imp.

*March 30 — April 19, 1881.*

*Injunctional order construed.*

On a complaint which showed merely that the defendants, a city and its employees, were interfering by *physical force* with the construction of a railroad bridge by the plaintiff, a court commissioner ordered them to show cause before the circuit judge on a day named, why they should not be restrained from interfering with said bridge according to the prayer of the complaint; and he also made a temporary order that defendants, their agents, etc., "desist and refrain from in any way or manner interfering with the construction of [said] bridge by plaintiff, and from cutting the piles being there driven, or doing any act of any kind to hinder, delay, impede, impair or prevent the contractor and his employees from performing said work, and from doing any act to hinder, delay or prevent the building of the proposed line of railway," etc. On the next day, the same court commissioner, on application of the city by its attorney, and upon the answer of the defendants setting up a counterclaim for an injunction restraining plaintiff from building said bridge, etc., ordered plaintiff to show cause before the circuit judge on the day previously named, why it should not be so enjoined, and also made a temporary order restraining plaintiff in the meantime from building the bridge. *Held*, that, construing strictly the first injunctional order, above recited, in view of the matters alleged in the complaint upon which it was founded (and also in view of the second order made by the same commissioner), it must be understood as restraining defendants only from *forcible* interference with the construction of the bridge; and the city's attorney was not guilty of any contempt in obtaining the second injunctional order.

APPEAL from the Circuit Court for *Winnebago* County. Appeal from an order discharging a rule to show cause why the respondent, *Elbridge Smith*, should not be punished as for a contempt for violating an injunctional order made in the action. The plaintiffs were constructing their railroad across the canal in the city of Menasha, and to that end were driving piles in the canal, when the city, and the other defend-

ants acting under its authority, interfered and cut the piles which had been so driven, and forcibly prevented the plaintiffs from continuing the work. Thereupon the plaintiffs commenced this action, and on the complaint, duly verified, which alleges such forcible interference of the defendants to prevent the construction of the railroad across the canal, and their threats to continue it, applied *ex parte* to J. H. Merrill, Esq., a court commissioner, for an injunction. The commissioner made an order on the defendants to show cause before the circuit judge on November 15, 1880, why an injunction should not be issued according to the prayer of the complaint. The order to show cause contained the following temporary injunction order: "It is ordered that the said defendants, and each and all of their agents, servants, attorneys and employees, and all persons acting under them, or either of them, do absolutely desist and refrain from in any way or manner interfering with the building and constructing of a bridge across the canal in Menasha by the plaintiffs, and from cutting the piles being there driven, or from doing any act of any kind to hinder, delay, impede, impair or prevent the contractor, John Stewart, and his employees, and all of them, from going on and performing the said work, and from doing any act to hinder, delay or prevent the building of the proposed line of railway across Doty island, under the pains and penalties which shall follow the disobedience of this order."

The prayer of the complaint is, that the defendants, their agents, servants, etc., "do absolutely desist and refrain from in any way or manner interfering with the constructing of said line of railroad, or with any material used therein or connected therewith, and that said defendants, and each and all of them, do absolutely desist and refrain from in any way or manner interfering with or cutting the piles, or any of them, now being driven, or which shall or may be driven by said John Stewart or his employees, for the foundations of a bridge across the canal in Menasha, or from doing any acts which shall in

any way interfere with, hinder, delay or destroy the said piles so driven, or any of them, or from doing any act to either the material used or to be used, or the men employed, or in any way or manner whatever, to hinder, delay, impede, impair, affect or destroy any of said material used or to be used, or work done or to be done." The commissioner's order was served on the respondent November 9,.1880. The defendant city, by the respondent, its attorney, interposed an answer to such complaint, which was verified by the respondent. The answer contained a counterclaim, in which facts and circumstances are alleged, which, the defendants claim, show that the plaintiffs had no legal right to construct their railroad across the canal at the *locus in quo;* and it prayed an injunction restraining them from so doing.

November 10, 1880, the respondent presented such answer to the same court commissioner, J. H. Merrill, Esq., and applied to him *ex parte* for an injunction against the plaintiffs. Thereupon the commissioner made an order that the plaintiffs show cause before the circuit judge, at the same time and place named in his first order, why an injunction should not be granted according to the prayer of the counterclaim. This order also contained a temporary injunction restraining the plaintiffs from proceeding with the work until the further order of the court. November 12, 1880, the same commissioner, on application and motion of plaintiffs, made an order on the respondent to show cause before the circuit court, at the same time and place named in the other orders, why he should not be adjudged guilty of a contempt for disobedience to the injunction order of November 9th. The circuit court, upon the hearing, discharged the order of November 12th; and this appeal is by the plaintiffs from the discharging order.

For the appellants there was a brief by *Finches, Lynde & Miller*, their attorneys, with *Edwin H. Abbot*, of counsel, and oral argument by *H. M. Finch* and *Mr. Abbot*.

*Chas. W. Felker*, for the respondents.

· LYON, J. An injunction order duly issued by a court or judicial officer having jurisdiction to issue the same, no matter how improvidently or erroneously issued, must be obeyed by the person to whom it is directed. If improperly allowed, the remedy is by motion to vacate or dissolve it. If violated while it remains in force, such violation is a contempt, for which the guilty party may be punished. Hence, if the injunction of November 9th restrained the defendants from instituting judicial proceedings to enjoin the plaintiffs from driving piles in the canal and constructing their railroad across it, the respondent disobeyed that injunction when he procured the injunction order of November 10th against the plaintiffs, and should have been adjudged guilty of a contempt.

· The case turns, therefore, upon the construction of the first injunction. The order contains language sufficiently broad and comprehensive to cover and include, inferentially, a prohibition against legal proceedings by the defendants, as well as a direct prohibition against the use of force, to prevent the building of the railroad across the canal. Were the construction of the injunction a mere question of grammar, without regard to legal rules or any extraneous circumstances or considerations whatever, we might be constrained to say that it enjoins against the employment of judicial means, as well as of force, to impede the plaintiffs in the prosecution of their work. But we are not at liberty to construe the language of ·the order on any such narrow basis. There are rules of law and extraneous facts having an important bearing upon the construction of the order, which must not be disregarded. Some of these will be briefly noticed.

1. Disobedience to a lawful injunction is a penal offense, and punishable as such. Hence an injunction order must, like penal or criminal statutes, be construed strictly in favor of the person charged with violating it.

2. The complaint in this action, which is the foundation of the injunction, does not contain any reference whatever to any

judicial proceedings on the part of the defendants. All of the acts therein charged to have been committed or threatened by the defendants were acts of physical force.

The familiar maxim, *noscitur a sociis*, has frequently been applied in the interpretation of penal statutes to qualify or limit the effect and operation of general words. In view of the strict rule of construction which must be applied to the injunction, no good reason is perceived why the principle of the maxim is not applicable. If it is, it follows that the general words in the injunction must be limited as only restraining the defendants from interfering with the work in the way and manner charged in the complaint; that is, by physical force.

3. The commissioner necessarily held that the counterclaim of the defendant city stated facts which entitled it to a temporary injunction against the plaintiffs. On this appeal we cannot review his judgment in that behalf. That question can only arise in a direct proceeding to vacate the injunction. For the purposes of this appeal, therefore, it is a verity that the counterclaim contains averments of fact sufficient to sustain the injunction. This being so, the defendants were absolutely entitled to the injunction under section 2775, R. S., p. 747, which is as follows: "A temporary injunction may also be granted on the application of the defendant, when it shall appear that the plaintiff is doing, or threatens or is about to do, or is procuring or suffering to be done, some act in violation of the defendant's rights respecting the subject of the action, and tending to his injury, or to render ineffectual such judgment as may be rendered in his favor." The next section prescribes the procedure to obtain the injunction, which was strictly complied with in this case.

On the hypothesis that the defendant city had a case for an injunction, had the fact appeared when the first injunction issued, it would have been error to grant it. Or, the fact being shown on a motion to dissolve the injunction, the motion

should have been granted. Hence, it is not to be inferred that the commissioner intended to enjoin the defendants from proceeding judicially to restrain the plaintiffs, when they had, or may have had, an absolute right to such relief. Moreover, the fact that the same commissioner who allowed the first injunction allowed the second on the following day, is not without significance, as tending to show that he did not understand that the latter injunction violated the former. Had he intended the first as an injunction against judicial proceedings, it is difficult to believe that he would have allowed the last.

4. To enjoin a person from enforcing his legal rights, or what he claims are such, by due process of law, is an exercise of one of the highest powers of a court of equity. It should never be done but for the most persuasive reasons. Whether the power has been exercised in a given case should not be left to be determined by inference, which must always be more or less doubtful or uncertain. If a court of equity deems it proper in a given case to restrain a person from instituting or prosecuting a proceeding in the courts, it should do so in express words. Unless that be done, it is the safer rule to hold that the injunction is inoperative to restrain the party from resorting to judicial proceedings for the enforcement of his alleged rights. Especially is this the safer, if not the inevitable rule, where, as in this case, no foundation is laid for the granting of such an injunction.

The above propositions are elementary, and it has not been thought necessary to fortify them by reference to adjudged cases. There may be decisions opposed to some of these propositions, but, if so, we cannot follow them. We conclude that the respondent was not guilty of disobedience to the injunction; and, hence, that the rule to show cause why he should not be adjudged in contempt, was properly discharged.

*By the Court.* — Order affirmed.