THE STATE OF CONNECTICUT vs. RICHARD HOWELL.

*First Judicial District, Hartford, May Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An article published in a newspaper pending a trial, purporting to be an account of what occurred at the trial, took sides, improperly commented upon the evidence, expressed opinions upon the merits of the cause and the effect that should be produced by witnesses, contained statements calculated to intimidate possible witnesses, and also stated, as facts and as evidence and as what occurred upon the trial, matters not given in evidence and not occurring upon the trial. *Held* that the publication was properly held to be in contempt of court.

An article published in a newspaper two days before the trial of a cause and after its assignment, assumed to state the evidence to be produced by witnesses upon the trial, with improper comment thereon, and reflected upon the parties to the action, and improperly expressed an opinion as to the right of the controversy, the purpose of which article was the disparagement of the defendant's defense and to intimidate witnesses who might be called to support it. *Held* that its publication was properly held to be in contempt of court.

An actual criminal intent is not essential to constitute the publication in a newspaper of such an article, a contempt of court.

While a proceeding for the punishment of a contempt of court is of a criminal nature, it is not a criminal prosecution.

In the prosecution of the editor and manager of a newspaper for publishing an article containing matter in contempt of court, it is not essential that knowledge on the part of the editor and manager, before publication of the contents of the article, should be proved.

The publication of articles calculated to interfere with the fair trial of a cause, and thus to obstruct justice, in a newspaper circulating in a neighborhood where a cause is pending, is in contempt of court, although the articles do not actually reach the eyes of the court or jury.

The defendant, for the purpose of purging himself of the contempt, testified that, although he was the editor and manager of the newspaper, he did not read the articles before publication and had no actual knowledge of their contents, and that in their publication he had no intent to be disrespectful to the court or to interfere with the course of justice. Upon cross-examination he identified several

*Transferred from the third judicial district.

articles other than those complained of, relating to the same cause and similar in their nature, previously published in the same paper. *Held:—*

1. That these articles were properly admitted in evidence as tending to contradict his statement that he had no knowledge of the publication of the articles complained of.
2. That in view of the finding by the court that the defendant had no actual knowledge of the contents of the articles complained of, and no actual intent by their publication to act in contempt, that the defendant could not have been harmed by the admission of the earlier articles.

Argued May 6th—decided June 2d, 1908.

APPLICATION for an attachment for contempt of court in publishing newspaper articles tending to unduly interfere with the administration of justice and to prejudice the public and the jury as to the merits of a cause just before and during its trial, brought to the Superior Court in Fairfield County and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered against the accused, from which he appealed. *No error.*

*Robert E. DeForest,* for the appellant (the accused).

*William B. Boardman,* Special State's Attorney, for the appellee (the State).

THAYER, J. Counsel for the defendant, in his brief, summarizes the various questions stated in the reasons of appeal as (1) questions relating to the admissibility of evidence; (2) the question of the liability of the defendant to criminal punishment for contempt, in the absence of any criminal intent; (3) the question of the liability of any one for criminal contempt, when it does not appear that the alleged contemptuous publication in fact interfered in any way with the course of justice, or was known to the court, jury, witnesses, or any one concerned in the case or its trial, until called to the court's attention after the trial; (4) the question whether the publications in themselves could, under the circumstances of the case as found, be

legally regarded as in contempt of court, so as to subject any one to punishment upon that ground. We shall adopt this summary of the questions presented.

The defendant was charged, in the application, with having published, in the *Bridgeport Herald* and the *Waterbury Herald*, two articles relating to a cause then pending in the Superior Court at Danbury, where said papers circulated, which tended to unduly interfere with the administration of justice, to obstruct the court in the discharge of its duties, and to prejudice the public and the jury as to the merits of said cause. After demurrers to the application had been overruled, he offered himself as a witness, for the purpose of purging himself of the contempt. He testified that, although he was the editor and manager of the newspapers mentioned, he did not read the articles before publication, and had no actual knowledge of their contents, or that they contained matter disrespectful to the court or tending to interfere with the course of justice in the trial of the case to which they related, and that in their publication he had no intent to be disrespectful to the court, or to interfere with the course of justice. He admitted the publication of the articles in the newspapers. One of them was published two days before the trial of the case referred to began in the Superior Court, but after it had been assigned for trial; the other was published after the trial began and before it was completed. Upon his cross-examination the defendant was asked to identify several other articles relating to the same case and similar in their nature to those complained of, published in the same newspapers during his management and editorship of the same but prior to the assignment of the case for trial, and the articles were offered and received in evidence as tending to contradict his statement that he had no knowledge of the publication of the articles complained of. We think the evidence was admissible for the purpose for which it was received. But as the court has found that the defendant had no actual knowledge of the contents of the articles complained of, and no actual intent, by the publication of

the articles, to obstruct or interfere with the due course of justice in the trial or disposition of the case, it is apparent that the admission of the evidence could have done him no harm, and therefore, if improperly received, its admission would afford the defendant no ground for a new trial.

The defendant insists that as this proceeding is of a criminal nature an actual criminal intent is essential to warrant his punishment, and that, as the court has found that there was no such actual intent, his punishment was unwarranted. But an actual criminal intent was not essential to constitute the publication of the articles a contempt of court. Such an intent is not an essential of many statutory crimes. *State* v. *Nussenholtz*, 76 Conn. 92, 95, 55 Atl. 589. But a proceeding for contempt, while it is of a criminal nature, is not a criminal prosecution. Courts having no criminal jurisdiction may punish for contempts. *Middlebrook* v. *State*, 43 Conn. 257, 267. And when the contempt consists of an act punishable under the criminal law, as an assault perpetrated in open court, the adjudication of contempt will be no bar to a criminal prosecution for the assault or breach of the peace. The proceeding in contempt is for an offense against the court as an organ of public justice and not for a violation of the criminal law. The power to punish such offenses is inherent in courts of record, to enable them to preserve their own dignity and to duly administer justice in the causes pending before them. It makes no difference, in its effect upon the public, whether an article reflecting upon the court in a cause on trial, and improperly commenting upon the evidence, and disparaging the cause of one or the other of the parties, and calculated to prevent a fair trial, is published with criminal intent or with good intent. It brings contempt upon the court in the public mind, and is a contempt of court in either case, just as an assault or breach of the peace, committed in open court, is a contempt, although committed without actual intent to bring disrespect or disgrace upon the court. The absence of improper intent is to be considered in mitigation of the offense but not as an excuse

for it. *Sturoc Case*, 48 N. H. 428, 432; *People* v. *Wilson*, 64 Ill. 195; *Cartwright's Case*, 114 Mass. 230, 239; *Telegram Newspaper Co.* v. *Commonwealth*, 172 Mass. 294, 300, 52 N. E. 445; *Globe Newspaper Co.* v. *Commonwealth*, 188 Mass. 449, 453, 74 N. E. 682; *State* v. *Frew*, 24 W. Va. 416.

It appears from the record that no evidence was offered tending to show that the offensive articles ever came to the attention of the court or jury, and the defendant argues that they, therefore, could not have obstructed or interfered with the course of justice, and consequently were not a contempt of court. But articles circulated through the neighborhood when a trial is in progress may influence the trial without being read by the court or jurors. Witnesses may be intimidated or otherwise influenced by them. A sentiment favorable or unfavorable to one of the parties to the case may be made to so pervade the community as to reach the court room and the triers and interfere with the fair and impartial performance by the latter of their duties. When, therefore, articles calculated to interfere with the fair trial of a cause, and thus to obstruct justice, are so published and circulated, it is not necessary, in order to constitute them contempts, that they actually reach the eyes of the court or jury. *Telegram Newspaper Co.* v. *Commonwealth*, 172 Mass. 294, 52 N. E. 445; *People* v. *Wilson*, 64 Ill. 195. The court, until the trial has ended, is bound to see that justice is duly administered, without obstruction or delay.

The fourth and last question raised by the defendant's brief, is whether the publications, in themselves, could, under the circumstances of the case found, be legally regarded as in contempt of court. The court has found that the first article, printed two days before the trial began but after it had been assigned for trial, assumes to state the evidence to be produced by witnesses upon the trial, with improper comment thereon, and reflected upon the parties to the action, and improperly expressed an opinion as to the right of the controversy, and that the purpose of

the article was the disparagement of the defendant's defense, and to intimidate witnesses who might support it. It is found that the second article, which was a full-page illustrated article published after the trial began but before its close, and purporting to be an account of what occurred at the trial, took sides, improperly commented upon the evidence, expressed opinions upon the merits of the case and the effect that should be produced by the witnesses, contained statements calculated to intimidate possible witnesses, and also stated, as facts and as evidence, and as what occurred upon the trial, matters not given in evidence and not occurring upon the trial. The publications, under the circumstances thus found, were properly held to be a contempt of court.

There is no error.

In this opinion the other judges concurred.