The husband appeals from the final decree below dismissing his petition for divorce and awarding his wife separate maintenance and support and allowing a counsel fee.
The petition is for desertion but is founded upon a refusal of sexual intercourse. In addition, the wife is charged with a failure to prepare meals, failure to provide food to comply with petitioner's diabetic condition, failure to perform numerous household duties, a disinclination to establish a social atmosphere which would be conducive to the military advancement of the husband, and the defendant's general indifference to her social and domestic obligations. These surrounding circumstances and the atmosphere created were submitted as additional proof of the appellant's contention.
The principal grounds of appeal are that the petitioner should have prevailed; that the court erred in not giving proper weight to the testimony of the petitioner's witnesses and the admissions made by the defendant; that there was error in not admitting the testimony of a witness Cook and in not permitting the introduction of a letter written by the defendant's uncle to the defendant. The amount granted by way of maintenance and counsel fee is also questioned.
The marriage occurred on September 5th, 1930, in Oklahoma, and a child was born March 6th, 1938. The parties lived at different places and he entered the Navy in September, 1940, and was stationed at Newport, Rhode Island, where his wife joined him. They left Newport May 20th, 1944, *Page 129 
and went to Washington. The husband left her on October 9th, 1945. Up to that time they occupied the same house and the same bed and he admits that the last time he slept with his wife was October 8th, 1945, the day before he left. He alleges, however, that she refused sexual intercourse from May 22d 1942.
From the admitted facts a presumption arose that sexual intercourse took place and proof of its non-existence must be clear and convincing. Stieglitz v. Stieglitz, 92 N.J. Eq. 292.
The proof relied upon to show the non-existence of sexual relationship between the parties consisted of the petitioner's testimony and that of his father, who testified to conversations had with his son concerning the strained marital relations.
It is true that the defendant conceded there were instances when sex relations were denied and admitted there was a failure at times to prepare meals and to comply with the food requirements of the petitioner's physical condition, but it was acknowledged with a frankness and candor which gave tone and quality to the testimony of a defendant in her denial of the material allegations in the petitioner's cause.
Cases of this kind admittedly are difficult of proof, but unless the entire picture carries with it a moral conviction that can be sensed from all the surrounding circumstances, the relief asked for should be denied.
This case is primarily a factual question and other than the resume already given there would be little benefit to recite at length the testimony supporting and denying each phase as it developed. In compliance with the rule laid down in Cartan v.Phelps, 91 N.J. Eq. 312, although we have given weight to the decree of the court below, we have ascertained by full investigation and analysis of all the evidence the true facts and have determined they are in accord and consistent with the opinion below. Haviland v. Haviland, 114 N.J. Eq. 96.
It is contended under Haskell v. Haskell, 99 N.J. Eq. 399,
that the testimony of a cousin as to conversations with the petitioner regarding the latter's sex life in relation to his *Page 130 
leaving the defendant was improperly excluded. In the HaskellCase the witnesses were the petitioner's "closest friends" and "were the people in whom he would confide with the hope that he might obtain some assistance in bringing about a happier relation between himself and his wife." Two prerequisites are set forth: extreme closeness of friendship with the petitioner and circumstances indicating a desire to obtain assistance in effectuating a reconciliation.
Such self-serving declarations, while in the nature of hearsay, are admitted as exceptions because of necessity arising from the difficulty of the petitioner to corroborate a fact which is generally guarded and surrounded with great secrecy. The basis upon which the exceptions are admitted, however, should not be broadened.
In this case the witness and the petitioner had been separated for many years and had only renewed their friendship for a few months, and they were about to separate again when the conversation took place. The testimony under these circumstances fails to comply with either prerequisite determined in theHaskell Case and was therefore properly excluded.
Objection is made to the exclusion of a letter written to the wife by her uncle, a lawyer in Oklahoma City. The record indicates the letter so written was on information furnished by counsel for the husband and was therefore not admissible in evidence.
The maintenance allowed to the wife and the counsel fee directed by the court were not excessive.
The decree below will be affirmed.
For affirmance — THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 14.
For reversal — None. *Page 131