BITUMINOUS CONCRETE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MANZO CONTRACTING CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 16, 1961—Decided November 2, 1961.

Before Judges GOLDMANN, FOLEY and LEWIS.

*Mr. Vincent C. De Maio* argued the cause for appellant (*Messrs. Heuser, Heuser & De Maio,* attorneys).

Respondent did not appear.

The opinion of the court was delivered by

FOLEY, J. A. D.   Defendant appeals from an order of the Chancery Division adjudging it in contempt of a restraint previously issued by that court; a fine of $50 was imposed. By consent the matter was heard on affidavits.

On October 15, 1960 Bituminous purchased an asphalt plant from the Kenman Corporation.   On the same date Kenman by letter leased to Bituminous "the right to use the grounds and roads where the plant is located,  *  *  * for the period from October 15, 1960 to December 31, 1961 *  *  *  jointly with the undersigned and other tenants or occupants of the premises,  *  *  *" and agreed "to sign a lease,  *  *  * setting forth the above terms and conditions."   Subsequently, at the request of a prospective

purchaser of the property, Kenman tendered to Bituminous a lease in writing. Prior to the execution of this lease Kenman notified plaintiff that it had entered into a contract of sale with Manzo, by which the latter agreed to purchase its entire tract of land consisting of seven and one-half acres, with full knowledge of plaintiff's leasehold rights therein. Plaintiff and defendant are both in the asphalt business.

On December 1, 1960 plaintiff instituted an action in the Chancery Division in which it alleged the foregoing facts and charged that Manzo in violation of plaintiff's leasehold rights had undertaken the excavation of a roadway ramp, and had thereby rendered the roadway unusable for plaintiff's business operation. Plaintiff demanded as relief that defendant be enjoined from excavating or obstructing the roadway and from interfering with plaintiff's right of possession under its lease. On the same date plaintiff obtained, *ex parte,* an order directing the defendant to show cause on December 9, 1960 why a preliminary restraint should not be entered pending a final hearing. This order also provided for an interim restraint. On December 8, 1960 the parties exchanged affidavits. Michael Manzo deposed that although the roadway had been "partly obstructed" due to the excavation, it "has been cleared away." Michael J. Stavola, plaintiff's president, in his affidavit alleged additional acts of interference by defendant with plaintiff's property rights. These were incorporated in an amended complaint which was filed on December 15, 1960, and have no direct bearing on the present dispute. However, a supplemental affidavit of Stavola, dated December 15, 1960, contained the allegations that:

"* * * deponent visited the area in dispute on Saturday, December 10, 1960, at approximately 12:30 o'clock, in the company of my attorney, and remained on the premises for approximately three-quarters of an hour, during which time a bulldozer, bearing the legend of Manzo Contracting Co., Inc., in the presence of the President, Michael Manzo, was continuing to bulldoze the most

northeasterly roadway, as delineated on Diagramatic Map 'A', pushing the dirt in a southeasterly direction toward the rear of said roadway."

and that:

"At the same time [December 10, 1960] a bulldozer of the defendant was pushing dirt along the northeasterly roadway and pushing the same in an easterly direction toward the turn of said road at the rear of the property. Inquiry was made of Michael Manzo as to what the bulldozer was doing excavating the roadway and he replied that they were improving the roadway and were going to lay asphalt on it."

The order to show cause, including the interim restraint, was continued from December 9 until December 13 and then until January 6, 1961.

On December 21, 1960 plaintiff obtained an order to show cause why the defendant should not be held in contempt for violation of the interim restraint, returnable December 23, 1960. On that date the parties appeared and following colloquy between counsel and the judge the contempt proceeding was adjourned to January 6, 1961.

The petition upon which the order to show cause was issued on December 21 set forth as the facts constituting the contempt, that:

"The defendant continued operating its portable asphalt plant and in so doing tapped in and connected to equipment owned by the plaintiff and, in the course of its operation, the defendant's employees passed to and fro underneath the equipment of the plaintiff, a pipe line crossed above land and underneath plaintiff's equipment and in divers other ways interfered with plaintiff's possession and right to operate its plant."

The supporting affidavit of Michael J. Stavola averred:

"Subsequent to the issuance and service of the Order to Show Cause and temporary restraint on December 3, 1960, the defendant, Manzo Contracting Co., Inc., continued to operate its portable asphalt plant, using all the connections set forth in an Affidavit executed by deponent, under date of December 15, 1960, from December 3rd through December 10th, when the recent snowfall caused a cessation of operations. The defendant re-commenced operations of its asphalt

plant and operated in the presence of deponent on December 10th and deponent was again present on December 19th and 20th and the defendant's operation of the portable asphalt plant was going full blast with the defendant's employees crossing through and under deponent's asphalt plant and utilizing the same connections to the equipment owned by the plaintiff."

In holding the defendant in contempt on January 6, 1961, the court said:

"I am more willing to accept Mr. Grause's statement that on December 10th, after the order was made and served on Manzo, that he was interfering with ingress and egress to Bituminous' property by reason of the 'grading' the road. Of course, grading the road may entail excavating, it may consist of ripping up the entire road. He had a court order against him. He shouldn't have done it. He shouldn't have graded it. He should have permitted free access back and forth from Bituminous' property. In that respect, I feel that Manzo is guilty of contempt of court."

■■ Initially, defendant challenges the adjudication upon the ground that the restraining order was not sufficiently specific to notify the defendant of the acts which were prohibited. It is fundamental that an order imposing a restraint should be so clear, definite and certain in its terms that the person to whom it is directed may readily know what he is restrained from doing. *State Board of Milk Control v. Newark Milk Co.*, 118 *N. J. Eq.* 504, 524 (*E. & A.* 1935). See also *Franklin v. Franklin*, 65 *A. 2d* 660 (*N. J. Ch.* 1948, not officially reported), affirmed 2 *N. J.* 103 (1949). and *R. R.* 4:67–5 provides:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon such parties to the action, such of their officers, agents, servants, employees, and attorneys, and upon such persons in active concert or participation with them as receive actual notice of the order by personal service or otherwise."

The restraints contained in the order to show cause of December 1 were to refrain from "excavating or obstructing

the roadway *and* to refrain from interfering with plaintiff's right to possession in and to said premises." (Emphasis added) Since these provisions were conjunctively stated, violation of the first was not dependent upon a showing of violation of the second. Nor should doubt of the specificity of the second restraint (a subject on which we do not pass) have any effect upon the question immediately under consideration.

"Excavating" in the context of the industrial activity involved, is a word of such clear and specific meaning that a synonym for it does not readily come to mind. We therefore find no merit in defendant's criticism of the clarity of the restraint against excavating the roadway, which was the act upon which the contempt was adjudged.

Next, it is argued that the contempt was not predicated upon an act set forth in the petition and affidavit on which the order to show cause of December 21 was issued. Defendant cites *R. R.* 4:87–2 which provides that contempt "shall be prosecuted on notice, and * * * the notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense and shall state the essential facts constituting the contempt charged."

As was said in *In re Tiene,* 17 *N. J.* 170, 180 (1954) :

"In any proceeding for contempt not committed in the actual presence of the court the contemner must be fairly informed in advance of the trial of the essential elements of the charge against him. *State v. Chaffman,* 15 *N. J. Super.* 492, 498 (*App. Div.* 1951) ; *Eberhardt v. Eberhardt,* 21 *N. J. Super.* 352, 355 (*App. Div.* 1952). He must be afforded ample opportunity to challenge the truth of the charges and a fair opportunity to deny or confess their truth. *In re Frank,* 135 *N. J. L.* 429, 432 (*Sup. Ct.* 1947)."

While there is merit in defendant's contention that the petition and affidavit did not specifically refer to the alleged excavation on December 10, in light of subsequent developments defendant suffered no injury thereby. At the hearing of December 23 to which we have previously adverted, counsel for plaintiff, evidently referring to Stavola's affidavit of

December 15, stated that on December 10 the defendant ran a bulldozer over the roadway, and later in the colloquy, said:

"I don't think there is any dispute to one aspect. That there was, on December 10th, a direct contempt of this Court's order because in my presence this bulldozer was cutting the roadway and that is clearly restrained."

This, of course, is the same incident to which Stavola referred in his affidavit. The following then appears in the appendix:

"The Court: What do you say about that Mr. De Maio? Do you deny that Mr. De Maio?
Mr. De Maio: That there was a bulldozer excavating the road, yes. I deny that.
⁎     ⁎     ⁎     ⁎     ⁎     ⁎     ⁎     ⁎
The Court: There is nothing before me on the part of the defendant at the moment, but the defendant says that he hasn't had an opportunity to prepare answering affidavits and he would like the opportunity to present testimony. He has witnesses which, he says, will controvert the affidavits filed by the plaintiff. Is that correct, Mr. De Maio?
Mr. De Maio: That's correct, Your Honor.
The Court: Including the taking of a bulldozer and cutting the roadway."

The court then adjourned the matter until January 6. It is perfectly clear that the defendant was expressly apprised that the incident of December 10 was charged as an act of contempt and no claim is made that insufficient time was granted to prepare a defense to it.

In *Van Sweringen v. Van Sweringen,* 34 *N. J. Super.* 394, 402 (*App. Div.* 1955) reversed on other grounds 22 *N. J.* 440 (1956), this court said:

"⁎     ⁎     ⁎     the present-day trend is to lay emphasis in such proceedings [contempt] upon adequate notice of the charges, reasonable time for preparation for the hearing thereon, and full and fair hearing, rather than upon the preliminary steps or means by which the matters which prompted the issuance of the order to show cause were brought to the attention of the court. If these elements of

due process are faithfully respected, irregularities in the customary preliminary procedural steps should not provide a basis for reversal of a conviction unless some substantial prejudice is suffered by the defendant."

We regard this doctrine as being fully applicable to the present case. Defendant had adequate notice of the charge of which it was found guilty; it had ample time to prepare its defense; and it was accorded a full and fair hearing. All elements of due process were faithfully respected, consequently this branch of defendant's attack upon the adjudication lacks substance.

Finally, defendant contends that the plaintiff did not sustain its burden of "clearly and satisfactorily" proving the contempt. See *Franklin v. Franklin, supra,* 65 *A. 2d,* at *page* 664.

■ The buttressing argument takes two courses, (1) that the adjudication was based upon facts not included in the supporting affidavits, and (2) that, at best, the evidence of contempt was in equipoise. As to the first point defendant argues that the factual findings of the trial court were grounded upon the statement of plaintiff's attorney hereinabove reproduced, and not on the portions of Stavola's affidavit which likewise appear above. As we have pointed out in disposing of plaintiff's challenge to the specificity of the charge of excavating, the trial court's reference to Mr. Grause's "statement" plainly was intended to be a reference to the attorney's "argument." Such argument was based upon, and was fully supported by, the affidavits and the exhibits.

■■ The words of a trial judge uttered in the exigencies of a trial proceeding should not be given a strained or unnatural meaning as the result of a *post mortem* examination of them conducted by counsel in the reflective atmosphere of his library. Nor will it be supposed simply because his extemporaneous remarks might suggest the contrary, that the judge went beyond the evidence where, as here, the proofs support the ultimate conclusion reached.

■ We think the affidavit of Stavola when laid against the photographs which were in evidence amply supported the trial court's conclusion, particularly in view of the fact that although on December 29, 1960 a lengthy affidavit by Manzo's president was filed, in which he contested substantially all of the charges laid against the company in plaintiff's papers, he did not deny, or even refer to, the occurrence of December 10.

We are satisfied also upon a reading of the entire case, that the trial judge in the exercise of his discretion was justified in holding that the contempt was clearly and convincingly established. It is not our function to interfere with the exercise of such discretion.

Accordingly, the order under review is affirmed.