# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 4, 2007

## STATE OF TENNESSEE v. BRETRAN R. THOMPSON

**Interlocutory Appeal from the Criminal Court for Shelby County**
**Nos. 04-05231 & 04-05232    James C. Beasley, Jr., Judge**

---

**No. W2007-00976-CCA-R9-CD  - Filed February 13, 2008**

---

The Defendant, Bretran R. Thompson, was disbarred in 1996.  In 2004, the Defendant was indicted in two, two-count indictments each for impersonation of a licensed professional and theft, with a different victim in each indictment.  In 2005, the Board of Professional Responsibility filed a petition for contempt against the Defendant alleging he violated his disbarment order from 1996. The Defendant pled guilty to contempt and was sentenced to fifty days in jail.  He then moved to dismiss the two indictments in Shelby County Criminal Court.  After argument, the trial court dismissed the two charges of impersonation of a licensed professional on double jeopardy grounds but refused to dismiss the two theft charges.  The State sought interlocutory appeal under Rule 9 contesting the dismissal of the impersonation of a licensed professional charges, which was joined by the Defendant contesting the non-dismissal of the theft charges.  After a thorough review of the facts and applicable law, we affirm in part and reverse in part the judgments of the trial court.  We affirm the trial court's judgment denying dismissal of the theft charges, but reverse the judgment of the trial court dismissing the charges of impersonation of a licensed professional.  The case is remanded for further proceedings on both sets of charges.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgments of the Criminal Court Affirmed in Part, Reversed in Part, and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID G. HAYES, J., joined.

Samuel J. Muldavin, Memphis, Tennessee, for the Appellant, Bretran R. Thompson.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; Michelle Parks, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Facts

On January 4, 1996, the Tennessee Supreme Court disbarred the Defendant. The disbarment order, styled *In Re: Bretran R. Thompson*, required, among other things, the Defendant to comply with Tennessee Supreme Court Rule 9, section 18. Section 18.7 states, "Prior to the effective date of the order, if not immediately, the respondent shall not undertake any new legal matters. . . . The respondent shall take such action as is necessary to cause the removal of any indicia of lawyer, counselor at law, legal assistant, law clerk, or similar title."

In 2004, a Shelby County Grand Jury handed down two indictments against the Defendant. The first, No. 04-05231, alleged theft of property between $1000 and $10,000 and impersonation of a licensed professional for his actions against Irish Felix. The second indictment, No. 04-05232, alleged theft of property between $1000 and $10,000 and impersonation of a licensed professional for his actions against Alphonso Maddox. Subsequent to those indictments, the Board of Professional Responsibility filed a petition for order of contempt in 2005, complaining of actions that arose out of essentially the same course of events. The Petition alleged the following:

> 3. [The Defendant] has failed to comply with the Supreme Court's Order of Disbarment.
> 4. [The Defendant] has represented to clients that he is licensed to practice law.
> 5. [The Defendant] is holding himself out to the public as a licensed attorney by [a]ccepting money to perform legal services for clients.

The attachments to the petition for order of contempt listed four complainants: Felix, Maddox, LaShondra Boyd, and Michael Nellums. The Defendant pled guilty to the contempt petition and was sentenced to fifty days in jail and restitution.

The Defendant then moved the Criminal Court of Shelby County to have the criminal charges against him dismissed. The trial court dismissed the impersonation of a licensed professional charges but refused to dismiss the theft charges. It is from this decision that both the State and the Defendant now appeal.

### II. Analysis

The question that we face is whether the trial court erred in dismissing the impersonation of a licensed professional charges and refusing to dismiss the theft charges. We review de novo this question of law. *State v. Winningham*, 958 S.W.2d 740, 742-43 (Tenn. 1997); *State v. Davis*, 940 S.W.2d 558, 561 (Tenn. 1997).

The Defendant couches his argument in terms of double jeopardy. The Fifth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment, grants protection to individuals from being "twice put in jeopardy of life or limb . . . ." Further,

article I, section 10 of the Tennessee Constitution provides that "no person shall, for the same offence, be twice put in jeopardy of life or limb."  As the Tennessee Supreme Court stated, the double jeopardy clauses offer "(1) protection against a second prosecution after an acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offense."  *State v. Denton*, 938 S.W.2d 373, 378-79 (Tenn. 1996) (citing *Whalen v. United States*, 445 U.S. 684, 688 (1980); *United States v. Wilson*, 420 U.S. 332, 343 (1975); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

After a review of the applicable law, we agree with the State that *State v. Winningham* serves as a roadmap for our analysis.  The Defendant attempts to distinguish *Winningham* on the facts, but we find the Defendant's argument unpersuasive.  Like this case, the *Winningham* defendant was being pursued by the State on criminal charges and contempt of court charges.  *Winningham*, 958 S.W.2d at 742.  As stated by the Court in *Winningham*, "Under the Tennessee Constitution, this Court inquires further than do federal courts in determining whether a defendant has been unconstitutionally subjected to double prosecution for the same conduct."  *Winningham*, 958 S.W.2d at 743.  We are instructed to resolve questions of double jeopardy by examining the following:

(1) a *Blockburger* analysis of the statutory offenses;
(2) an analysis, guided by the principles of *Duchac* [*v. State*, 505 S.W.2d 237 (Tenn.1973)], of the evidence used to prove the offenses;
(3) a consideration of whether there were multiple victims or discrete acts; and
(4) a comparison of the purposes of the respective statutes.

*Id*. (citing *Denton*, 938 S.W.2d at 381).  "None of these steps is determinative; rather the results of each must be weighed and considered in relation to each other."  *Id*.  In determining whether the Defendant has been subjected to double jeopardy, we will address each factor in turn.

### 1. *Blockburger* **Element Analysis**

The *Blockburger* analysis focuses on whether the offenses in issue have the same elements. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  *United States v. Dixon*, 509 U.S. 688 (1993)*,* is instructive on this issue as it addressed the *Blockburger* test in the context of contempt proceedings.  *Winningham*, 958 S.W.2d at 743.  *Dixon* states that the test asks, "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution."  *Dixon*, 509 U.S. at 696; *see Winningham*, 958 S.W.2d at 743.

The *Winningham* Court addressed a case where a man was found to be in contempt of court for violating an order that enjoined him from "coming about petitioner [Ms. Winningham] for any purpose and specifically from abusing, threatening to abuse petitioner, or committing any acts of violence upon petitioner upon penalty of contempt."  *Winningham*, 958 S.W.2d at 742.  The Court concluded that, after he burned down Ms. Winningham's house, the defendant's subsequent indictment for arson and finding of contempt did not violate federal double jeopardy principles.  *Id*. at 745-46.  The Court approvingly cited *State v. Sammons*, which said, "'the fact that an act

constituting a contempt is also criminal and punishable by indictment or other method of criminal prosecution does not deprive the outraged court from punishing the contempt.'" *Id*. at 745 (citing *State v. Sammons*, 656 S.W.2d 862, 867 (Tenn. Crim. App. 1982)). The Court examined the elements of contempt and arson and found "both statutes contain elements which the other does not; in fact, they have no common elements." *Id*. at 745-46

In applying the rule from *Winningham*, we look to the elements of contempt, theft, and impersonation of a licensed professional. *Id*. The elements of criminal contempt are as follows: (1) the performance; (2) of a forbidden act. T.C.A. § 29-9-105 (2006). The elements of theft are as follows: (1) intent to deprive; (2) knowingly obtaining or exercising control over the property; (3) without the owner's effective consent. T.C.A. § 39-14-103 (2006). Impersonation of a licensed professional requires the following: (1) non-licensed person; (2) practicing or pretending to practice a profession for which license is required. T.C.A. § 39-16-302 (2006).

Like the Court in *Winningham*, we conclude that the elements of contempt are wholly different from the elements of both theft and impersonation of a licensed professional. We recognize that the underlying facts support all the charges. As the Tennessee Supreme Court has interpreted the rule, however, the United States Constitution is not offended by this fact. The first factor of this test weighs in favor of allowing both prosecutions.

## 2. Evidence Used

Next, we inquire into "the evidence used to prove each offense." *Winningham*, 958 S.W.2d at 746. "If the same evidence is not required to prove each offense, 'then the fact that both charges relate to, and grow out of, one transaction, does not make a single offense where two are defined by statutes." *Id*. (quoting *State v. Denton*, 938 S.W.2d 373, 380 (Tenn. 1996) (quoting *Duchac v. State*, 505 S.W.2d 237, 239 (Tenn. 1973))). In *Denton*, the Tennessee Supreme Court found a single attack on a single victim could not be the basis for aggravated assault and attempted voluntary manslaughter convictions. *Denton*, 938 S.W.2d at 382. However, in *Winningham*, the Court determined that, because the defendant threatened Ms. Winningham, fired shots at her car, trespassed upon her property, and burned down her house, the evidence used to support the contempt conviction included, but was not limited to, the evidence for the arson conviction. Despite this, the Court stated, "In sum, the application of *Duchac* principles suggests that the two offenses in the case under review are the same for double jeopardy purposes." *Winningham*, 958 S.W.2d at 746.

In the case at bar, the Defendant's theft and impersonation of a licensed professional charges stemmed from actions against two individuals, Felix and Maddox. The contempt charges arose from conduct to Felix, Maddox, Boyd, and Nellums. The evidence used to prove the charges against Felix and Maddox would be a part of but would not make up the entirety of the evidence used to prosecute the contempt charges. We find there is little distinguishing the facts of this case from those of *Winningham*, as both contempt charges included, but were not limited to, evidence used to support the underlying criminal charges. Despite this, however, the Court in *Winningham* concluded that the *Duchac* principles suggest the offenses are the same for double jeopardy purposes. We will, thus, also weight this factor against allowing the criminal prosecutions. Because this analysis does

4

not rely on one factor, we will continue our review.

### 3. Different Victims of Discrete Acts

Third, we address whether there were different victims in the contempt charges versus the theft and impersonation of a licensed professional charges and whether there were discrete acts. *Winningham*, 958 S.W.2d at 746. The Court in *Winningham* found the following on this issue:

> The charges of contempt and arson both involve the same act of burning a house. However, the contempt conviction was also based on other discrete acts, such as threats and trespass. Second, different victims are involved. In general terms, criminal conduct offends the State as the sovereign. Also offended by arson would be the owner of the structure and, perhaps, the community-at-large. In contrast, "'[t]he proceeding in contempt is for an offense against the court as an organ of public justice, and not for violation of the criminal law.'" *Sammons*, 656 S.W.2d at 868 (quoting *State v. Howell*, 80 Conn. 668, 69 A. 1057, 1058 (1908)) (emphasis added). Thus, the court and the judicial process are "victims" of the act of contempt. The fact that different victims are involved suggests that separate prosecutions would not violate double jeopardy principles under the Tennessee Constitution.

*Id*.

In this case, the theft, impersonation of a licensed professional, and criminal contempt charges were all based on the same acts against Felix and Maddox. According to the indictment, the Defendant pretended to be an attorney, and he accepted money for services when Felix and Maddox were under the impression he was an attorney. The contempt proceedings were not only based on these acts against Felix and Maddox, but they were also based on similar acts against Boyd and Nellums. Thus, the charges are not based on totally discrete acts, but partially discrete acts.

Further, as noted above, the victims in the theft and impersonation of a licensed professional charges were Felix, Maddox, and the State of Tennessee. For the contempt charges, the victim is the judicial process and the court "as an organ of public justice." *Sammons*, 656 S.W.2d at 868 (quoting *State v. Howell*, 69 A. 1057, 1058 (Conn. 1908)). The fact that the offenses address partially discrete acts and different victims "suggests that separate prosecutions would not violate double jeopardy principles under the Tennessee Constitution." *Winningham*, 958 S.W.2d at 746. We conclude this factor weighs in favor of allowing separate prosecution.

### 4. Purposes

Finally, we analyze the purposes of the statutes in issue. *Id*. In our view, the theft statute is intended to deter the unauthorized possession or control of another's property. The impersonation of a licensed professional statute is intended to prevent those not licensed in a profession from holding themselves out to be so, and the statute would thereby prevent harm to unsuspecting procurers of the services. By contrast, the contempt statute is meant to preserve "the maintenance

5

of the integrity of court orders and the vindication of the court's authority." *Id*. (citing *Dixon*, 509 U.S. at 742 (Blackmun, J., concurring and dissenting); *Sammons*, 656 S.W.2d at 869). "So essential is this purpose to the proper functioning of the court that even erroneous orders must be obeyed." *Id*. at 746-47. As contempt, theft, and impersonation of a licensed professional statutes serve vastly different purposes, "separate prosecutions would not violate double jeopardy principles under our state constitution." *Id*. at 747.

In summary, we conclude that three of the four factors support allowing separate prosecution on the theft, impersonation of a licensed professional, and contempt of court charges. Therefore, we conclude that double jeopardy considerations do not preclude the State from pursuing both sets of indicted criminal charges.

### III. Conclusion

Ultimately, although there are similar acts underlying the charges of contempt, theft, and impersonation of a licensed professional, we conclude that the factors weigh in favor of allowing the State to pursue prosecution for both theft and impersonation of a licensed professional. In our view, neither the United States nor the Tennessee Constitutions bar the prosecution of both sets of charges. The judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings not inconsistent with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE