**STATE of Tennessee, Appellee,**

v.

**Steven STRAW, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 6, 1981.

Permission to Appeal Denied by Supreme Court Oct. 13, 1981.

Don Poole, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., Nashville, Robert L. Jolley, Jr., Senior Asst. Atty. Gen., Nashville, for appellee.

WILLIAM H. INMAN, Special Judge.

Appellant was convicted and sentenced by a state court in Massachusetts for commission of the same offense for which he was subsequently convicted and sentenced in Tennessee. The obvious issue presented for review is whether the former prosecution bars the latter under principles of jeopardy. Appellant insists that the requirements of due process and fundamental fairness bar the subsequent conviction; the state insists that the dual sovereignty doctrine still prevails in Tennessee. We agree with the state's insistence and affirm the judgment.

The appellant was an art dealer in Essex County, Massachusetts. While on a business trip in Hamilton County, Tennessee, he represented to Lewis Card, a Chattanooga Industrialist and businessman, who dabbles in art occasionally, that he owned Gauguin's L'Invocation, for which he paid $1,500,-000.00, and would sell a one-third interest in it for $500,000.00. Appellant further represented that he had arranged a sale of the painting for $2,000,000.00, but that his liquidity or cash flow position was so critical as to require some sacrifice, and thus he was willing to share his good fortune, and bountiful, quick profits, with Mr. Card. Appropriate documentation was executed, and Mr. Card instructed his bank in Chattanooga to transmit the funds to the appellant's bank in Massachusetts.

Since L'Invocation has reposed in the National Gallery of Art for many years appellant had neither title nor possession thereto. He was presented in Hamilton County, Tennessee, on January 23, 1980, for feloniously obtaining money under false pretenses and grand larceny, and entered a plea of guilty on September 18, 1980, reserving the right

 

to appeal pursuant to Rule 37, Tennessee Rules of Criminal Procedure. The Massachusetts indictment was returned on March 3, 1980, and appellant entered a plea of guilty on July 29, 1980. The Massachusetts Court sentenced him to twenty (20) months confinement; the Tennessee Court sentenced him to not less than five years nor more than five years, with the sentence to be served concurrently with that imposed by the Massachusetts Court.

The disposition of this case is controlled by the decision of the Supreme Court in *Lavon v. State*, 586 S.W.2d 112 (Tenn.1979). In *Lavon*, the defendant committed armed robbery of a federally insured bank. He was indicted and convicted for the federal felony; thereafter, he was indicted by a county grand jury for the crime of bank robbery with the use of a firearm. The trial court dismissed the indictment on double jeopardy grounds. The Court of Criminal Appeals reversed, and its judgment was affirmed by the Supreme Court which noted that the doctrine of dual sovereignty still prevails in Tennessee. Appellant's claim of due process deprivation has no validity; successive prosecutions by different sovereigns do not subject him to double jeopardy. *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). In *Lavon*, the sovereignties were Federal and State; and it is mildly urged that a constitutional distinction can be thereby logically inferred. A sovereign is a sovereign and we ascertain no legal distinctions, for the purposes of jeopardy, between a State or Federal entity.

Our Supreme Court has concerned itself with the issue of lack of fundamental fairness in successive prosecutions, *Lavon*, supra, but opted to leave the matter to legislative discretion, as most States have done. Our legislature has not accepted the invitation thus tendered, and this case is not likely to add any weight to the invitation.

Appellant pleaded guilty in Essex County, Massachusetts, to a multi-count indictment which included the false pretense charge heretofore described. Whether Massachusetts generally, or Essex County spe-

cifically, had jurisdiction is an interesting academic exercise; it is interesting to note that Massachusetts thought the theft of $500,000.00 was worth only 20 months confinement. The expeditious plea and sentence in that State should not in consideration of societal fairness enable the appellant essentially to escape punishment. Judgment affirmed.

WALKER, P. J., and SCOTT, J., concur.