**STATE of Tennessee, Appellee,**

v.

**Robert CHITWOOD, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 1, 1987.

Permission to Appeal Denied by Supreme Court Aug. 3, 1987.

**472**

Janette Lay, Wilson & Lay, Oneida, George R. Sornberger, Pine Knot, Ky., for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, for appellee.

OPINION

DWYER, Judge.

This is an appeal of right by Robert Chitwood from his conviction, pursuant to a plea of nolo contendre, for the sale of a Schedule II controlled substance, to wit: cocaine. Appellant received a sentence of ten years in the state penitentiary. As his sole issue, appellant challenges whether his conviction for possession of cocaine in McCreary County, Kentucky, bars his prosecution for the sale of cocaine in Tennessee.

From the proferred evidence, it was revealed that on May 9, 1985 appellant made a sale of cocaine to undercover agents of the Tennessee Bureau of Investigation. The sale occurred in front of the Hard Times Saloon in Scott County, Tennessee. Appellant exchanged a package containing eight ounces of cocaine for $14,400 cash.

After the exchange was made, the appellant and the agents drove across the state line into Kentucky where appellant counted the money and was promptly arrested. Additionally, Kentucky authorities secured a warrant to search the appellant's Kentucky residence. A large quantity of cocaine was confiscated from the residence, which ultimately led to his conviction in Kentucky for possession of a controlled substance.

The eight ounces of cocaine passed to TBI authorities in Tennessee was retained by state officials, and provided no basis for appellant's conviction in Kentucky. Likewise, the cocaine confiscated from in and around appellant's Kentucky residence was not involved in his eventual Tennessee conviction for the sale of a controlled substance. Nevertheless, appellant argues that his conviction in Tennessee is barred by his prior conviction in Kentucky by relying on the double jeopardy clauses of the United States and Tennessee Constitutions.

Article I, Section 10 of the Tennessee Constitution provides:

That no person shall, *for the same offense*, be twice put in jeopardy of life or limb. (Emphasis added).

In addition, with regard to controlled substances classified as Schedule I or II, T.C.A. § 53-11-404 provides:

If a violation of Parts 3 or 4 of this chapter or Title 39, Chapter 6, Part 4 is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state *for the same act* is a bar to prosecution by this state. (Emphasis added).

In the case *sub judice*, the conviction was separate and distinct from the prior conviction in Kentucky. The drugs confiscated as part of both the Tennessee and Kentucky convictions were completely distinct, confiscated at different times, in different locations and in different amounts. Hence, these were two separate and distinct offenses supported by different facts. *See State v. Holt*, 691 S.W.2d 520 (Tenn. 1984).

Although the appellant relies upon the case of *Dykes v. State* 589 S.W.2d 384 (Tenn.Crim.App.1979), that opinion supports the State's position for two reasons. First, unlike *Dykes*, the case before us does not deal with substantially identical crimes concerning the same subject matter. Secondly, this Court in *Dykes* held that by the trial judge's order that the sentence in question be served concurrently with that of the prior conviction, as was ordered here, the prejudice to the defendant is minimized.[1] *See Dykes* at 388–389.

Finally, as to appellant's dual sovereignty argument, the United States Supreme Court has held, in reviewing similar circum-

1. The trial court sentenced appellant to ten years imprisonment and effectively ordered his sentence from the prior Kentucky conviction to be credited toward the sentence resulting from the matter *sub judice*.

stances, that successive prosecutions by two states for the same conduct were not barred by the Double Jeopardy Clause of the Fifth Amendment. *See Heath v. Alabama,* 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). Under the circumstances of this case, appellant's conviction for the sale of a controlled substance, where he had been previously convicted in Kentucky of the possession of a controlled substance, was proper.

Accordingly, the issue is without merit and the judgment of the trial court is affirmed.

CORNELIUS and SCOTT, JJ., concur.