**STATE of Tennessee, Appellant,**

v.

**Paul E. WYCHE, Jr., Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 11, 1995.

Charles W. Burson, Attorney General and Reporter, Amy L. Tarkington, Assistant Attorney General, Nashville, Mike McCown, District Attorney General, Robert C. Crigler, Assistant District Attorney General, Shelbyville, for Appellant.

Mark Russell, Shelbyville, for Appellee.

## OPINION

WELLES, Judge.

The State appeals an order by the trial court dismissing an indictment for flagrant nonsupport.[1] The trial court found that prosecuting the Defendant for flagrant nonsupport under Tennessee law would subject him to double jeopardy because he had been previously convicted of criminal contempt in North Carolina on charges stemming from the same actions. We reverse the trial court's dismissal of the indictment.

The facts in the record are summarized as follows. The Defendant and Patricia Wyche were married and had one son, Jonathan Daniel Wyche, who was born on September 9, 1983. In the summer of 1985, while the couple was living in Shelbyville in Bedford County, Tennessee, they separated, and the Defendant went back home to Charlotte, North Carolina.

In 1988, the Defendant was served with a show cause order to appear in the Mecklenburg County Court in North Carolina for failure to pay child support. After the Wyches' separation, the Defendant had been ordered to pay $100 per week pursuant to a default judgment entered against him in the Chancery Court of Bedford County, Tennessee. The default judgment dissolved the marriage between the Defendant and Patricia Wyche, gave her primary custody of their son, and determined the amount of child support payments owed by the Defendant. During the hearing on the motions in the case *sub judice*, the Defendant testified that he was not aware that he had any obligation to make child support payments until he received the show cause order in 1988.

At the Mecklenburg County proceeding in 1988, the Defendant was assessed with an arrearage and ordered to pay $337 per month in child support payments. Shortly thereafter in December 1988, the Defendant gave the Clerk of Mecklenburg County a check for $7,581 to cover the amount in arrears.

The Defendant subsequently moved to South Carolina for employment reasons. In June 1991, the Defendant voluntarily attended a proceeding to get his support payments moved from North Carolina to South Carolina. The order issued in the proceeding reflects that the Defendant was then $7,050.16 in arrears pursuant to the Mecklenburg County order. The South Carolina order changing the jurisdiction stated that the

---

1. Tenn.Code Ann. § 39–15–101.

Defendant apparently suffered an injury during Hurricane Hugo which prevented him from working, thus he was unable to meet his child support payments. The South Carolina court then ordered the Defendant to pay $47.38 per week for the support of his child, part of which would go toward reducing the arrearage.

In the summer of 1992, the Defendant moved back to North Carolina to take care of his mother. In November 1992, the Defendant was ordered to appear at a show cause hearing in Mecklenburg County, North Carolina because of his failure to pay child support. The arrearage, calculated to August 30, 1992, totaled $14,931.00.[2] The Defendant appeared in the Mecklenburg County Court, pleaded no contest, and was ordered to serve thirty days in jail for civil contempt of court because of his noncompliance with the court's order. It is this contempt order which the trial court determined barred prosecuting the Defendant in Tennessee.

On January 14, 1993, the Defendant was ordered to again appear in the Mecklenburg County Court to respond to a Show Cause order for the failure to pay child support. He failed to appear, and the court found the Defendant in contempt and issued an order for his arrest. The court instructed that the Defendant could be released from confinement by paying the sum of $16,116.00, the amount he then owed for back child support payments. The order was apparently executed on April 23, 1993 when the Defendant was taken into custody. The record does not indicate the disposition of those proceedings, and that contempt charge is not in issue on this appeal.

Meanwhile, on September 24, 1992, the Bedford County Grand Jury in Tennessee indicted the Defendant for flagrant nonsupport, charging that the Defendant "did unlawfully and feloniously leave and/or remain without the State of Tennessee to avoid a legal duty of support, in violation of Tennessee Code Annotated 39–15–101." At a subsequent pretrial motion hearing, the Defendant moved to dismiss the Bedford County indictment reasoning that his incarceration for contempt in North Carolina would prevent prosecution in Tennessee on the grounds of double jeopardy. More specifically, the Defendant argued that because he had pleaded guilty to the contempt charges in North Carolina, he could not subsequently be prosecuted in Tennessee for the underlying offense that arose out of the same conduct.

The trial court stated that the Defendant had been incarcerated for criminal contempt in November 1992. He found that because the Defendant had served time for criminal contempt for nonpayment of child support in North Carolina for almost the same time period as specified in the Tennessee indictment, and because North Carolina was acting as an agent of Tennessee under the URESA statute, a prosecution in Tennessee would violate the constitutional prohibition against double jeopardy. The trial court dismissed the indictment, and the State appealed to this Court.

In January of 1994, the Defendant's attorney, Mark Russell, filed a motion with this Court to be stricken as the counsel of record for the Defendant on appeal. In response to the motion, this Court remanded the cause to the trial court for a determination as to whether the Defendant was indigent. It was ordered that if the trial court found him to be indigent, counsel would be appointed to represent him on appeal. If the Defendant was found not to be indigent, then the Defendant's attorney would be relieved from representing the Defendant on appeal. The Defendant failed to appear at the indigency hearing, and the trial court ordered that he could not be adjudicated indigent because of lack of evidence of his financial status. This Court ordered that Mr. Russell be relieved as counsel for the Defendant and noted that the Defendant had thirty days in which to file an appellate brief. The Defendant did not submit a brief for this appeal, and apparently, has not retained other counsel to represent him.

■ We conclude that the trial court erred in dismissing the indictment and that the indictment does not violate the constitutional prohibitions against double jeopardy. The leading Tennessee case that addresses when

**2.** The Tennessee indictment charged nonpayment through September 24, 1992.

a contempt charge and a subsequent prosecution on the underlying offense violate double jeopardy is *State v. Sammons,* 656 S.W.2d 862 (Tenn.Crim.App.1982). In *Sammons,* the defendant was convicted of burglary and kidnapping after having previously been cited for contempt of court for unlawfully removing his daughter from the custody of his former wife. *Id.* at 868. The defendant argued that because he had been convicted and sentenced for contempt, the subsequent prosecution for the charges of burglary and kidnapping violated the double jeopardy clauses of the United States and Tennessee Constitutions.

The *Sammons* court disagreed and found that the Defendant's contempt citations for violating the child custody order was not a constitutional bar to subsequent prosecution for kidnapping under double jeopardy principles. *Id.* at 866–67. The Court of Criminal Appeals noted that the contempt and kidnapping statutes were designed to serve entirely different purposes and thus, no constitutional principles would prevent imposing punishment upon an offender under both sets of statutes. *Id.* at 867 (citing the prior Tennessee Supreme Court decision of *Maples v. State,* 565 S.W.2d 202, 203 (Tenn.1978)); *see State v. William J. Wolfenbarger,* No. 265, Blount County, 1991 WL 66571 (Tenn.Crim. App., Knoxville, filed Apr. 26, 1991), *perm. to appeal denied* (Tenn.1992).

In adopting the majority rule, the *Sammons* court utilized the analysis of the Connecticut Supreme Court in a case involving an indirect contempt:

> [A] proceeding for contempt while it is of a criminal nature is not a criminal prosecution. Courts having no criminal jurisdiction may punish for contempt. And, when the contempt consists of an act punishable under criminal law, ... the adjudication of contempt will be no bar to a criminal prosecution for [the same transaction]. The proceeding in contempt is for an offense against the court as an organ of public justice, and not for a violation of the criminal law.

*State v. Howell,* 80 Conn. 668, 69 A. 1057 (1908). Thus, we conclude that the citation herein for contempt, an offense against the North Carolina court, does not prohibit a subsequent prosecution for flagrant nonsupport, a Tennessee statutory criminal offense.

Moreover, the Defendant in the case *sub judice* was cited for contempt in North Carolina for failure to comply with a child support order. The Tennessee indictment charged failure to provide support and an additional element, that the Defendant "did unlawfully and feloniously leave and/or remain without the State of Tennessee to avoid a legal duty of support." Tenn.Code Ann. § 39–15–101(a), (d)(1). Thus, the Tennessee statute has a separate and distinct element from the North Carolina contempt citation.

Finally, because the Defendant was cited for contempt in North Carolina, double jeopardy concerns would not bar a subsequent prosecution in Tennessee. The longstanding principle of dual sovereignty contemplates that a conviction for the same identical offense by a court of another sovereign does not constitute double jeopardy. 9 David L. Raybin, *Tennessee Criminal Practice and Procedure* § 16.112 (1984 & Supp. 1995). Tennessee courts have traditionally followed this rule, holding that successive prosecutions by different states for the same conduct do not offend the double jeopardy clause of the United States or Tennessee Constitutions. *State v. Chitwood,* 735 S.W.2d 471, 472–73 (Tenn.Crim.App.), *perm. to appeal denied, id.* (Tenn.1987); *State v. Straw,* 626 S.W.2d 286, 287 (Tenn.Crim.App.1981); *see Heath v. Alabama,* 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). Thus, in violating the laws of two sovereigns, the Defendant can be successively prosecuted under the laws of both without subjecting him to double jeopardy.

We, therefore, reverse the trial court's dismissal of the indictment and remand to the trial court for further proceedings.

WADE and SUMMERS, JJ., concur.