# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1999

FILED

May 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **WILLIE J. ODUM,** | ) | **C.C.A. NO. 03C01-9803-CR-00107** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **KNOX COUNTY** |
| **VS.** | ) | |
| | ) | **HON. MARY BETH LEIBOWITZ** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction)** |

FOR THE APPELLANT:

WILLIE J. ODOM
Pro Se
7475 Cockrill Bend Ind. Rd.
Nashville, TN  37243

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, III
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

RANDALL E. NICHOLS
District Attorney General

FRED BRIGHT
Assistant District Attorney
City-County Building
Knoxivlle, TN  37902

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

The petitioner, Willie J. Odom, appeals the order of the Knox County Criminal Court summarily dismissing his post-conviction petition without an evidentiary hearing or appointing counsel. Odom pled guilty in April 1996 to one (1) count of aggravated robbery and received a sentence of eight (8) years. In January 1998, he filed the present petition alleging that counsel was ineffective, his guilty plea was not voluntary and he received an illegal sentence. The trial court dismissed the petition as barred by the one (1) year statute of limitations. *See* Tenn. Code Ann. § 40-30-202(a). After a review of the record before this Court, we affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

The petitioner claims his guilty plea to aggravated robbery violated principles of double jeopardy in that he also pled guilty in federal court to offenses arising out of the same incident. He argues that his conviction for aggravated robbery is void due to double jeopardy, and his sentence received as a result of such void conviction is, therefore, illegal. Because an illegal sentence may be corrected at any time, *see* State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978), the petitioner contends that the statute of limitations does not apply in this case. We disagree.

This state adheres to the principle of dual sovereignty in that "successive prosecutions by different sovereigns do not subject [a defendant] to double jeopardy." State v. Straw, 626 S.W.2d 286, 287 (Tenn. Crim. App. 1981); *see also* State v. Wyche, 914 S.W.2d 558, 561 (Tenn. Crim. App. 1995). Furthermore, the petitioner's Range I sentence of eight (8) years for a Class B felony is a legal sentence. *See* Tenn. Code Ann. § 40-35-112(2).

-2-

The post-conviction petition was filed outside of the one (1) year statute of limitations, and the petitioner has cited no reason to justify tolling the statute. *See* Tenn. Code Ann. § 40-30-202(b). As a result, the trial court was without jurisdiction to consider the petition and properly dismissed the petition without an evidentiary hearing. Tenn. Code Ann. § 40-30-206(b).

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. It appearing that the petitioner is indigent, costs will be paid by the State of Tennessee.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE

_____
L. TERRY LAFFERTY, SPECIAL JUDGE