# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 16, 2011

## STATE OF TENNESSEE v. MAREASE ANTONIO CRAWFORD

**Appeal from the Circuit Court for Bedford County**
**No. 17047     Lee Russell, Judge**

---

**No.  M2010-02658-CCA-R3-CD - Filed December 5, 2011**

---

Marease Antonio Crawford, Appellant, was indicted by the Bedford County Grand Jury in July 2010 in a multi-count indictment. Appellant entered an open plea to the indictment with sentencing to be determined by the trial court. After a sentencing hearing, the trial court sentenced Appellant to an effective sentence of twelve years. Appellant appeals the imposition of consecutive sentences and the failure of the trial court to merge two of the convictions. After a review of the record, we determine that Appellant did not waive the issue of double jeopardy by virtue of his guilty plea but that double jeopardy does not bar the convictions for Count Three, sale of marijuana, and Count Seven, possession of marijuana for resale. However, we conclude that double jeopardy bars Appellant's convictions for both simple possession and possession of marijuana for resale where the offenses arose out of one incident of possession. We affirm the trial court's imposition of consecutive sentencing on the basis that Appellant had an extensive criminal history. Accordingly, we vacate Appellant's conviction for simple possession. Appellant's remaining convictions and sentences are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Vacated in Part, Affirmed in Part, and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J. , joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Marease Antonio Crawford.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Charles Crawford, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

### *Factual Background*

In July of 2010, Appellant was indicted by the Bedford County Grand Jury in a multi-count indictment. Appellant was indicted for the sale of more than .5 ounces of marijuana in Count One; the delivery of more than .5 ounces of marijuana in Count Two; the sale of more than .5 ounces of marijuana in Count Three; the delivery of more than .5 ounces of marijuana in Count Four; driving on a suspended license, fifth offense, in Count Five; simple possession of marijuana in Count Six; and possession of marijuana for resale in Count Seven.

On September 17, 2010, Appellant entered an open guilty plea to the indictment. At the guilty plea acceptance hearing, the factual basis for the convictions was given. According to the State, two separate controlled buys were performed by a confidential informant, one on May 6, 2010, and one on May 14, 2010. On both occasions, a confidential informant went to a residence and exchanged money with Appellant in return for marijuana. On the first occasion, the amount of marijuana was 20.7 grams. On the second occasion, the amount of marijuana was 14.4 grams. After the second occasion, the Drug Task Force maintained surveillance on Appellant at the residence. Appellant was seen leaving the residence in a vehicle. A traffic stop was initiated, and Appellant was arrested for the controlled buy that had occurred on May 6, 2010. During the arrest, officers discovered that Appellant had a suspended driver's license. In addition, officers noticed Appellant had a plastic bag sticking out of his mouth that contained a small amount of marijuana, weighing 1.7 grams.

After the arrest, officers executed a search warrant at the residence where officers discovered $865 in cash, some of which had been used in the controlled buys. In addition, the search warrant also netted the discovery of a set of digital scales and more marijuana, weighing 17.4 grams.

Appellant pled guilty to the charges in the indictment, leaving the length and manner of service of the sentence to the trial court. The trial court held a separate sentencing hearing at which the trial court merged Counts One and Three and Counts Two and Four, resulting in two convictions for the sale of more than .5 ounces of marijuana, both Class E felonies. The trial court sentenced Appellant to four years for each of these convictions. The trial court sentenced Appellant to eleven months and twenty-nine days for driving on a suspended license in Count Five and simple possession in Count Six. The trial court sentenced

Appellant to four years for Count Seven, possession of marijuana for resale. The trial court ordered Count Three to be served consecutively to Count One; Count Five to be served concurrently with Count One; Count Six to be served concurrently with Count Seven but consecutively to Counts One, Three, and Five; and Count Seven to be served concurrently with Count Six but consecutively to Counts One, Three, and Five, for a total effective sentence of twelve years as a Range II, multiple offender. Appellant appeals the imposition of consecutive sentencing.

*Analysis*

On appeal, Appellant argues that the trial court improperly ordered consecutive sentencing. Specifically, Appellant contends that the trial court "erred in running Counts III [possession of more than .5 grams of cocaine with the intent to sell] and VII [possession of marijuana for resale] consecutively because both counts stem from a single intent/single transaction." The State insists that the trial court properly ordered consecutive sentencing where Appellant's criminal history was "excessive."

Under Tennessee Code Annotated section 40-35-115(a), if a defendant is convicted of more than one offense, the trial court shall order the sentences to run either consecutively or concurrently. A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that:

> (1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;
>
> (2) The defendant is an offender whose record of criminal activity is extensive;
>
> (3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
>
> (4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high; . . . .

T.C.A. § 40-35-115(b). When imposing a consecutive sentence, a trial court should also consider general sentencing principles, which include whether or not the length of a sentence is justly deserved in relation to the seriousness of the offense. *See State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002). The imposition of consecutive sentencing is in the discretion of the trial court. *See State v. Adams*, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).

Appellant herein pled guilty to two counts of the sale of more than .5 ounces of marijuana, both Class E felonies. Additionally, Appellant pled guilty to driving on a suspended license, simple possession, and possession of marijuana for resale. In total, the judgment sheets reflect convictions for three Class E felonies and two Class A misdemeanors.

In this case, the trial court based the imposition of consecutive sentencing on Tennessee Code Annotated section 40-35-115(b)(2), the defendant is an offender whose record of criminal activity is extensive. After making it clear that the trial court had considered the evidence at trial and sentencing as well as the presentence report, the principles of sentencing, the nature and characteristics of the criminal conduct involved, the mitigating factors, sentencing practices in Tennessee, the Appellant's statements on his presentence report and the potential for rehabilitation, the trial court made the following statement with regard to consecutive sentencing:

> The next issue to be decided is whether [Appellant] should receive concurrent or consecutive sentencing. There is a presumption in favor of concurrent sentencing unless one of seven factors is present. One of those factors is whether a defendant has an extensive criminal record. It is found in fact [Appellant] does have an extensive criminal record of seven felony convictions (all but one of which is clustered on either August 16, 2004, or March 31, 2004) and eight misdemeanor convictions. The presumption in favor of concurrent sentencing is overcome to this extent: Counts 1. and 3. and 7. will be consecutive to one another; Count 5. will be concurrent with Count 1.; Count 6. will be concurrent with Count 7.; and the total effective sentence will be twelve years at thirty-five percent.

In our review, the record shows that Appellant has indeed had at least sixteen prior convictions, including seven felony convictions. We conclude that Appellant's criminal history is sufficiently extensive to support the imposition of consecutive sentences pursuant to Tennessee Code Annotated section 40-35-115(b)(2). Therefore, this issue is without merit.

-4-

*Merger of Convictions*

Appellant also insists that "Counts III and VII[1] should merge as a single conviction for sentencing purposes." Appellant argues that the failure to merge the cases is a violation of *State v. Henretta*, 325 S.W.3d 112 (Tenn. 2010), and *State v. Anthony*, 817 S.W.2d 299 (Tenn. 1991). The State, on the other hand, argues that the trial court "did not err by failing to sua sponte merge two of [Appellant's] convictions." As support for its argument, the State points to the fact that Appellant did not raise the issue as a certified question of law and, by pleading guilty, effectively waived consideration of "all non-jurisdictional defects and constitutional infirmities" on appeal. Additionally, the State insists that the factual basis at trial proves that the conviction for the sale of marijuana and conviction for possession of marijuana for resale resulted from separate quantities of marijuana and could, thus, result in two separate convictions.

First of all, we disagree that the cases cited by Appellant, *State v. Henretta*, 325 S.W.3d 112 (Tenn. 2010), and *State v. Anthony*, 817 S.W.2d 299 (Tenn. 1991), support his argument, whether it be a merger for sentencing purposes or a substantive merger of his convictions.

Secondly, we have discovered that this Court appears to have divergent opinions on whether, as the State insists, a guilty plea can effectively waive a double jeopardy claim. In the context of a guilty plea, in *State v. Rhodes*, 917 S.W.2d 708 (Tenn. Crim. App. 1995), this Court relied upon the supreme court decision of *Menna v. New York*, 423 U.S. 61, 62 (1975), to determine that a guilty plea does not automatically waive a double jeopardy claim when it is apparent from the record that the claim was raised before the trial court. 917 S.W.2d at 711. Two months later, in *State v. Franklin*, 919 S.W.2d 362, 368 (Tenn. Crim. App. 1995), this Court held essentially the opposite of *Rhodes*; that a guilty plea waives a claim of merger. 919 S.W.2d at 368. The Court in *Franklin* held that Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure required a defendant to explicitly reserve a claim of merger prior to pleading guilty. *Id.*; *see also Cecil Eugene Brannan v. State*, No. M2002-00628-CCA-R3-CD, 2003 WL 1868648, at *3 (Tenn. Crim. App., at Nashville, Apr. 11, 2003).

In *Rhodes*, the defendant had claimed in the trial court that dual convictions for vehicular assault and driving under the influence constituted double jeopardy. 917 S.W.2d at 711. The defendant later pled guilty to both offenses, failing to preserve the double jeopardy issue pursuant to Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure as a certified question. *Id.* at 710. The defendant appealed, readvancing the argument that the convictions were prohibited by double jeopardy. *Id.* at 711. This Court held that "the

---

[1] Count Three stemmed from the sale of marijuana to the confidential informant on May 14. Count Seven stemmed from the discovery of marijuana at Appellant's residence after the execution of the search warrant.

question of whether the Double Jeopardy Clause of either the state or federal constitution [is implicated] was not waived by the defendant's entry of or the trial court's acceptance of the guilty pleas." *Id.*

In *Rhodes*, this Court relied on *Menna*, in which the United States Supreme Court reversed, per curiam, a state court decision that a guilty plea waived a double jeopardy claim and *United States v. Broce*, 488 U.S. 563 (1989), a case in which the Supreme Court clarified that although a double jeopardy claim *may* be waived, a guilty plea does not automatically constitute a waiver when the claim is apparent from the face of the record. In *Rhodes*, the court ultimately determined "given how and when the double jeopardy issue developed in the trial court," in other words, that the "issues [were] apparent from the record of the proceedings," the issue was not waived and properly before the court on appeal. 917 S.W.2d at 711.

The decision in *Rhodes* has been followed by several other decisions from this Court. *See State v. Ronald Woods, Jr.*, No. W2009-02580-CCA-R3-CD, 2010 WL 4117165, at *4-5 (Tenn. Crim. App., at Jackson, Oct. 20, 2010); *State v. Walter Jude Dec*, No. M2009-01141-CCA-R3-CD, 2010 WL 2977875, at *3-4 (Tenn. Crim. App., at Nashville, Jul. 30, 2010); *Sean Earl Jones v. State*, No. M2006-00664-CCA-R3-PC, 2007 WL 1174899, at *6-7 (Tenn. Crim. App., at Nashville, Apr. 20, 2007); *Dexter P. Jones v. State*, No. M2003-01229-CCA-R3-PC, 2004 WL 404496 (Tenn. Crim. App., at Nashville, Mar. 4, 2004); *State v. Milton Spears, Jr.*, No. C.C.A. 02C01-9606-CR-00197, 1997 WL 381569, at *1 (Tenn. Crim. App., at Jackson, Jul. 10, 1007).

Although *Ronald Woods, Jr.* and *Walter Jude Dec* acknowledged that *Rhodes* provided the correct path for double jeopardy issues on appeal in guilty plea cases, this court mistakenly viewed *Rhodes* to require double jeopardy to be raised by the defendant in the trial court. It did not. As indicated above, if the double jeopardy violation is apparent in the record on appeal, the issue may be considered regardless of whether it was raised in the trial court.

We believe that the better reasoning is in the *Rhodes* case and its progeny. Thus, in order to determine if Appellant waived his double jeopardy claim, we must determine whether the claim is apparent from the face of the record. Upon our review, we note that during the sentencing hearing, counsel for Appellant argued that the simple possession charge "would merge with the possession of schedule six for resale because those [convictions] have the same offense dates." We were unable to find a reference to the merger of Count Three and Count Seven or any discussion of whether double jeopardy barred the dual convictions for the sale of marijuana and the possession of marijuana for resale. The only other reference in the record that speaks to a similar issue appears in an

order issued after the sentencing hearing wherein the trial court placed its "Findings on Sentencing" on the record, concluding that while "[t]he offense date for Counts 6. and 7. is the same, and the drug is the same, . . . the two convictions are separate because the drugs were at different locations, one at a house and the other in a vehicle." Despite the lack of overt mention of the merging of the Count Three and Count Seven convictions in the record, we conclude that the facts of the case make the issue of double jeopardy apparent in the record.

Next, we must determine if the dual convictions for the sale of marijuana in Count Three and possession for resale of marijuana in Count Seven violate double jeopardy. The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ." Article 1, sec. 10 of the Tennessee Constitution contains a similar provision. As our supreme court has noted many times, the three fundamental principles underlying double jeopardy provide protections against (1) a second prosecution after an acquittal; (2) a second prosecution after conviction; and (3) multiple punishments for the same offense. *State v. Denton*, 938 S.W.2d 373, 378 (Tenn. 1996); *see also North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794 (1989).

Multiplicity of charges or convictions arises in cases where prosecutors divide conduct into separate, discrete offenses, "creating several offenses out of a single offense." *State v. Charles L. Williams*, No. M2005-00836-CCA-R3-CD, 2006 WL 3431920, at *29 (Tenn. Crim. App., at Nashville, Nov. 29, 2006) (quoting *State v. Phillips*, 924 S.W.2d 662, 665 (Tenn. 1996)). Whether the acts of a defendant constitute separate offenses or one single crime must be determined by the facts and circumstances of each case. *State v. Pickett*, 211 S.W.3d 696, 706 (Tenn. 2007).

In *State v. Phillips*, 924 S.W.2d 662 (Tenn. 1996), a sex-offense case, the Tennessee Supreme Court set forth the double-jeopardy analysis of multiple count, same statute crimes. Although the inquiry in *Phillips* is specific to sex-related crimes, "[i]ts principles . . . have been adapted for other types of crimes, [specifically drug crimes] as well." *State v. Easterly*, 77 S.W.3d 226, 231 (Tenn. Crim. App. 2001) (citing generally *State v. Epps*, 989 S.W.2d 742, 745 (Tenn. Crim. App. 1998)). Specifically, the principles and analysis in *Phillips* were utlized in *State v. Easterly*, 77 S.W.3d 226 (Tenn. Crim. App. 2001), a case involving dual convictions for possession with intent to sell or deliver one-half gram of cocaine and possession with intent to sell and deliver more than 300 grams of cocaine. This Court listed those principles as:

1. A single offense may not be divided into separate parts; generally, a single wrongful act may not furnish the basis for more than one criminal prosecution;

2. If each offense charged requires proof of a fact not required in proving the other, the offenses are not multiplicitous; and

3. Where time and location separate and distinguish the commission of the offenses, the offenses cannot be said to have arisen out of a single wrongful act.

*Id.* at 231 (citing *Epps*, 989 S.W.2d at 745, and *Phillips*, 924 S.W.2d at 665). "Other matters to be considered are "the nature of the act; the time elapsed between the alleged conduct; the intent of the accused, i.e., was a new intent formed; and cumulative punishment . . . ." *Id.* at 231-32. "None of these factors other than the nature of the act is determinative." *Id.* at 232.

In *Easterly*, the defendant sold cocaine to an undercover agent from his car in Sevier County, Tennessee. 77 S.W.3d at 229. The defendant was detained and refused to allow a search of his Knox County, Tennessee home. *Id.* The authorities obtained a search warrant and discovered cocaine at his residence. *Id.* The defendant was arrested and pled guilty to the Sevier County charge. The defendant was later indicted by presentment in Knox County. *Id.* at 230. Counsel moved to dismiss the Knox County charge on the basis of double jeopardy. In an interlocutory appeal, this Court determined that the dual convictions violated double jeopardy. *Id.* This Court noted that:

[T]he two offenses [are] not identical, but the Knox and Sevier Counties offenses appear very much to be a division of a single wrongful act. The defendant possessed a large amount of contraband, which he stored in his home. Although he separated part of it for the purpose of selling it in Sevier County, the State induced him to do so and has now attempted to prosecute him separately for the cocaine he possessed in one location until the State's inducement. The nature of the act for which the defendant was prosecuted in both cases-that is, possession-is the same for both offenses. The defendant was simultaneously in possession of the cocaine he kept in his home in Knox County and the subdivided portion he took to Sevier County, and the locations were different only because of the State's involvement. The defendant's intent was the same for both offenses.

*Id.* at 232-33.

The case herein is distinguishable from *Easterly*. Appellant sold marijuana to a confidential informant at his residence. The police maintained surveillance on the residence and saw Appellant leaving in a vehicle. A traffic stop was initiated, during which police discovered that Appellant was driving on a revoked license. Appellant was arrested for the transaction with the confidential informant. A subsequent search of Appellant's residence netted the discovery of 17.4 grams of marijuana. The two offenses herein, i.e. the sale of marijuana to the confidential informant and the possession of marijuana for resale, involved two separate, identifiable quantities of marijuana. In other words, the marijuana found in the house is distinguishable from the marijuana sold to the confidential informant. Additionally, the conviction for the sale of marijuana and the conviction for possession for resale "require proof of a fact not required in proving the other." *Easterly*, 77 S.W.3d at 731. The conviction for the sale of marijuana necessarily requires a sale. *See* T.C.A. § 39-17-417(a)(3). Further, Appellant had to "knowingly" sell the marijuana. *Id.* In contrast, the elements of the offense of possession of marijuana for resale are (1) that the defendant possessed the marijuana with the intent to sell and (2) the defendant acted knowingly. T.C.A. § 39-17-417(a)(4). Moreover, the offenses violate separate paragraphs of Tennessee Code Annotated section 39-17-417. In our view, the separate provisions indicate a clear legislative intent to allow separate convictions for these separate acts. *State v. Jones*, No. 02C01-9307-CR-00155 (Tenn. Crim. App. at Jackson, Aug. 24, 1994), *perm. app. denied*, (Tenn. Jan. 3, 1995). The Sentencing Commission Comments to Tennessee Code Annotated section 39-17-417 state that "[t]he commission wished to make it clear that each of these acts is a separate offense and therefore listed the manufacture, delivery, sale, or possession with intent to manufacture, deliver or sell each as a separate subsection." Finally, this case concerns a conviction for a sale and a conviction for a possession, unlike *Easterly*, which involved dual convictions for possessory offenses. Consequently, we determine that Appellant's convictions in Count Three and Count Seven do not violate double jeopardy. *See State v. Chitwood*, 735 S.W.2d 471 (Tenn. Crim. App. 1987) (holding that convictions for sale of cocaine and for possession of cocaine stored in defendant's house do not constitute double jeopardy); *State v. Jose D. Holmes*, No. 02C01-9411-CR-00251, 1995 WL 695127 (Tenn. Crim. App., at Jackson, Nov. 22, 1995), *perm. app. denied*, (Tenn. Apr. 8, 1996) (holding that sale of cocaine to confidential informant and conviction for possession of cocaine with intent to sell found during subsequent search of vehicle did not violate double jeopardy); *State v. Walter Jones*, No. 02C01-9307-CR-00155, 1994 WL 456347 (Tenn. Crim. App, at Jackson, Aug. 24, 1994), *perm. app. denied*, (Tenn. Jan. 3, 1995) (determining that convictions for sale of cocaine and possession of cocaine intent to sell did not violate double jeopardy). Appellant is not entitled to relief on this issue.

Lastly, while not specifically raised by either party, we note that Appellant's conviction for the simple possession of marijuana found in the car cannot sustain a separate conviction from the simultaneous possession of marijuana in the house. *See*

*State v. Brown*, 823 S.W.2d 576 (Tenn. Crim. App. 1991) (prohibiting dual convictions for cocaine possession, showing possession at different locations).  Accordingly, we vacate Appellant's conviction for simple possession of marijuana.

*Conclusion*

For the foregoing reasons, Appellant's conviction for simple possession in Count Six is vacated, and the case is remanded to the trial court for any further proceedings which may be necessary.  The remaining judgments and sentences imposed by the trial court are affirmed.


_____
JERRY L. SMITH, JUDGE